## BUGBY-COLEMAN LAND AND CATTLE COMPANY ET AL. v. MATADOR LAND AND CATTLE COMPANY, LIMITED.

### Decided May 11, 1901.

**1.—Injunction—Right of Passage Through Leased School Lands.**

Where defendant had leased State school lands and inclosed them in a large pasture and undertook by force to prevent plaintiff, owning a herd of cattle, from driving them through such inclosure in moving them from one county in the State to another, over the accustomed route, plaintiff was entitled to an injunction restraining such interference,—the statute regulating the lease of school lands reserving such right of passage to the owners of live stock. Acts of 1887, sec. 21, p. 83; Penal Code, art. 508.

**2.—Same Constitutional Law.**

The provisions of the statute reserving to the public such right of passage through inclosures of leased school lands is not obnoxious to the article of the State Constitution inhibiting the taking of any person's property for public use without the consent of the owner, since the lessee must be held to have assented to what the law imposed as one of the conditions of the lease and right to inclose. Const., Art. 1, sec 17.

**3.—Same—Penal Statute Applicable in Civil Action.**

The fact that the section of the Act of 1887 giving a right of passage through leased school lands was subsequently, in the revision of the 1895, embodied exclusively in the Penal Code, does not affect the right to invoke such provisions of the law in a civil action by injunction.

Appeal from Hall. Tried below before Hon. G. A. Brown.

*H. E. Deaver* and *Plemons & Veale,* for appellants.

*W. M. Pardue* and *Cowan & Burney,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The Bugbee-Coleman Land and Cattle Company, a private corporation engaged in the cattle business and controlling a large pasture in Hall County, Texas, inclosed with a wire fence and known as the "Shoe-Bar" pasture, undertook by force to prevent the Matador Land and Cattle Company, Limited, also a private corporation having pastures and engaged in the cattle business in Motley, Carson and Gray counties, Texas, from driving the cattle of the latter company from its pastures in Motley County to its pastures in Gray and Carson counties, through the "Shoe-Bar" pasture, as it, with others, had long been accustomed to do, and this suit was brought to enjoin such interference. A preliminary injunction was granted, which upon final trial was perpetuated upon the ground, as alleged in the petition for injunction, that the Bugbee-Coleman Land and Cattle Company was the lessee of State school lands and had the same inclosed in said pasture, and therefore was required to allow the appellee company, in driving its cattle from one point in this State to another, to pass through the gates placed in the fences of the "Shoe-Bar" pasture for that purpose and over the accustomed route, but "as expeditiously and with as little delay as practicable." From that judgment this appeal is taken.

In the year 1887 an act was passed providing for the sale and lease of school and other public lands, and to prevent the free use, occupancy, unlawful inclosure, etc., of such lands. Acts of 1887, p. 83. The twenty-first section of this act made it unlawful for any person or corporation inclosing any such lands to build or maintain more than three miles of rence running in the same general direction without a gateway in the same at least ten feet wide, which was not to be locked or kept closed so as to obstruct free ingress and egress. This section contained, among others, the following proviso: "When herds of cattle, horses, sheep, or goats are driven through this State from one place to another place in this State, and it becomes necessary for such stock to pass through any inclosed pasture of any person who has leased any of the aforesaid lands, such lessee of such inclosure shall permit such stock to pass through such pasture: provided the owner of such stock so driven through any such inclosure shall move the same as expeditiously, and with as little delay as practicable, through such inclosure."

This section of the act was carried into the Revised Statutes of 1895 as article 508 of the Penal Code, and seems to warrant the judgment appealed from. We are asked, however, to invalidate it upon the ground that it is in violation of article 1, section 17, of the Constitution, providing that "no person's property shall be taken, damaged, or used for, or applied to, public use, without adequate compensation, unless by consent of such person." But inasmuch as appellant's right to maintain the inclosure was founded upon its lease of the school lands from the State, it must be held to have consented to what the act quoted imposed as one of the conditions of the lease and right to inclose.

The contention that article 973 of the Penal Code was held in Dill-

worth v. State, 36 Texas Criminal Appeals, 189, to be unconstitutional does not affect the question, for that is an entirely different article, and does not seem to relate in any way to the inclosure of public school lands.

The remaining contention is, that the judgment should be reversed because the act quoted and found in the Penal Code is no part of the civil statutes of this State, but we fail to appreciate the importance of this distinction. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.